IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD DIVISION

**MICHAEL AND TABITHA COX, individually
and on behalf of their minor child, W.C.,**

    **Plaintiffs,**

v.

**AIR METHODS CORPORATION and ROCKY
MOUNTAIN HOLDINGS, LLC,**

    **Defendants.**

No. 1:17-cv-04610 _____

## NOTICE OF REMOVAL

Defendants Air Methods Corporation ("Air Methods") and Rocky Mountain Holdings, LLC ("Rocky Mountain") (collectively, "Defendants"), hereby remove this matter from the Circuit Court of Mercer County, West Virginia, to the United States District Court for the Southern District of West Virginia pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. As set forth below, this matter is properly removed to this Court because Defendants have complied with the statutory requirements for removal under 28 U.S.C. §§ 1441 and 1446, and this Court has original jurisdiction over this matter pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). This Court also has "traditional" diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

### I.   BACKGROUND

1. Plaintiffs filed the action styled *Michael and Tabitha Cox, individually and on behalf of their minor child, W.C. v. Air Methods Corporation and Rocky Mountain Holdings, LLC*, Civil Action No. 17-C-314-DS, in the Circuit Court of Mercer County, West Virginia (the

"State Court Action") on August 18, 2017.[1]  Plaintiffs seek money damages, restitution, declaratory and injunctive relief, and attorneys' fees because they claim that Defendants allegedly charged unreasonable rates for air ambulance services that were provided to Plaintiffs and purported class members.  State Court Action ¶¶ 2–3, p. 12.  Pursuant to 28 U.S.C. § 1446(a) and Local Civil Rule 3.4(b), true and correct copies of all papers served in the State Court Action are attached as **Exhibit 1**, and the State Court docket sheet is attached as **Exhibit 2**.

2. For each of their claims, Plaintiffs seek certification of a class defined as "[a]ll patients who, without entering a written agreement with Defendants for medical transport prior to the transport, received medical transport by Defendants from a location in West Virginia to a healthcare facility during the period of five (5) years prior to the commencement of this action."  State Court Action ¶ 27.

3. On November 27, 2017, Plaintiffs provided a Summons in the State Court Action to the Secretary of State of West Virginia (the "Secretary of State").  On November 30, 2017, the Secretary of State mailed the State Court Action to Defendants, and Defendants received the State Court Action on December 4, 2017.  This Notice of Removal is timely because it is being filed within 30 days of service of process.  28 U.S.C. § 1446(b).

4. Removal to the Southern District of West Virginia is proper because this District includes Mercer County, West Virginia.  *See* 28 U.S.C. § 129(b).

5. Pursuant to 28 U.S.C. § 1446(d), Defendants will give Plaintiffs written notice of the filing of this Notice of Removal and will file a copy of the Notice of Removal with the Clerk of the Circuit Court of Mercer County, West Virginia.

---

[1] The caption in the State Court Action has been modified to comply with Rule 5.2 of the Federal Rules of Civil Procedure.

2

## II.     REMOVAL BASED ON THE CLASS ACTION FAIRNESS ACT

6. CAFA confers jurisdiction upon federal district courts over class actions in which: (1) there are at least 100 proposed plaintiff class members; (2) any plaintiff class member is diverse in citizenship from any defendant; and (3) the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs. 28 U.S.C. § 1332(d).

7. As a threshold matter, this matter is a proposed "class action" as defined by CAFA because it is a case brought by a representative of a putative class and was filed in state court pursuant to a statute or rule authorizing such a class. 28 U.S.C. § 1332(d)(1)(B). Though Plaintiffs erroneously purported to bring their class claims "under Rules 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure," Rule 23 of the West Virginia Rule of Civil Procedure contains analogous provisions. Plaintiffs also repeatedly refer to the purported "Plaintiff Class," "class members," and "members of the Class" they seek to represent. *See, e.g.* State Court Action ¶¶ 2–3, 6, 28–33, 38–41, 43, 45, 47–51.

8. The remaining requirements for CAFA jurisdiction are also met here.

### A.     *The Purported Class Consists of More Than 100 Members.*

9. Although Defendants do not believe Plaintiffs have defined a proper class or that a class can be defined or maintained, Plaintiffs' allegations make clear that the proposed class would include at least 100 members as required by 28 U.S.C. § 1332(d)(5)(B). Plaintiffs have defined the purported class as "[a]ll patients who, without entering a written agreement with Defendants for medical transport prior to the transport, received medical transport by Defendants from a location in West Virginia to a healthcare facility during the period of five (5) years prior to the commencement of this action" and specifically alleged "[u]pon information, the proposed class would include hundreds, if not thousands of class members." State Court Action ¶¶ 27–28.

### B. CAFA's Diversity-of-Citizenship Requirement Is Met.

10. Under CAFA, the requisite diversity of citizenship is satisfied as long as there is "minimal diversity"; that is, when "*any* member of a class of plaintiffs is a citizen of a State different from *any* defendant." 28 U.S.C. § 1332(d)(2)(A) (emphasis added); *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 552 (2014) (noting that the parties need only be "minimally diverse" for CAFA removal to be proper); *Ballard v. Union Carbide Co.*, No. 2:11-cv-366, 2011 WL 4597349, at *1 n.1 (S.D.W. Va. Oct. 3, 2011) (only minimal diversity required for CAFA removal).

11. The Complaint specifies that Plaintiffs all reside in and are citizens of West Virginia. State Court Action ¶¶ 9-11.

12. As alleged by Plaintiffs, Air Methods is incorporated under the laws of Delaware, and its principal place of business is located in Colorado. *Id.* ¶ 12. Air Methods is therefore a citizen of Delaware and Colorado, not West Virginia. Thus, at least one member of the proposed class and one defendant are diverse, and the minimal diversity requirement under CAFA is met. 28 U.S.C. § 1332(d)(2)(A).

13. In addition, although unnecessary to satisfy CAFA's minimal diversity analysis, Rocky Mountain is not a citizen of West Virginia either. Rocky Mountain is a Delaware LLC with its principal place of business in Colorado. State Court Action ¶ 13. Rocky Mountain's sole member is Air Methods. Rocky Mountain is therefore a citizen of both Delaware and Colorado.

### C. CAFA's Amount-In-Controversy Requirement Is Satisfied.

14. Under CAFA, the claims of the individual class members are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000, exclusive of

interest or costs. 28 U.S.C. § 1332(d)(6). The class claims alleged by Plaintiffs easily meet the jurisdictional threshold.

15. The amount in controversy is not "the amount the plaintiff will actually recover," but rather "an estimate of the amount that will be put at issue in the course of the litigation." *Scott v. Cricket Commc'ns, LLC*, 865 F.3d 189, 196 (4th Cir. 2017) (quoting *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008)). Further, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC*, 135 S. Ct. at 554; *see also Scott*, 865 F.3d at 194 (noting that, because no presumption against removal applies in the CAFA context, a defendant need only plausibly allege that the amount-in-controversy requirement has been met).

16. Plaintiffs' petition seeks damages on behalf of "[a]ll patients who, without entering a written agreement with Defendants for medical transport prior to the transport, received medical transport by Defendants from a location in West Virginia to a healthcare facility during the period of five (5) years prior to the commencement of this action." State Court Action ¶ 27. Although Plaintiffs do not purport to quantify the total damages sought, they allege that Defendants have improperly overcharged Plaintiffs and the purported class for air ambulance services. Specifically, Plaintiffs allege that Defendants billed Plaintiffs $52,634.76 for an emergency medical air transport. *Id.* ¶ 16. Plaintiffs also allege that the "reasonable amount" for this life-saving service was only $6,704.14, which represents the amount Defendants would be reimbursed for their services by the federal Medicaid program. *Id.* ¶¶ 17, 20.

17. Plaintiffs also allege that the purported class would "include hundreds, if not thousands of class members." *Id.* ¶ 28. Extrapolating from Plaintiffs' alleged overcharges and

5

multiplying $45,930.62 by only 200 potential class members easily satisfies CAFA's amount-in-controversy requirement. *See Scott*, 865 F.3d at 196 (holding that defendants removing under CAFA are permitted to rely on "reasonable estimates, inferences, and deductions" based on the allegations in the complaint to meet the amount-in-controversy requirement). Thus, although Defendants do not concede liability for Plaintiffs' claims, do not concede the propriety or breadth of the class as alleged by Plaintiffs, and do not concede that any of Plaintiffs' claims have merit, Plaintiffs' allegations demonstrate that the aggregated value of the "claims of the individual class members . . . exceed the sum or value of $5,000,000.00." 28 U.S.C. §§ 1332(d)(2).

18. The injunctive relief sought by Plaintiffs must also be considered when determining whether the amount in controversy exceeds $5,000,000.00. *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977) ("In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."). When calculating the amount-in-controversy, the value of a proposed injunction is "the larger of two figures: the injunction's worth to the plaintiff or its cost to the defendant." *JTH Tax, Inc. v. Frashier*, 624 F.3d 635, 639 (4th Cir. 2010) (citing *Dixon v. Edwards*, 290 F.3d 699, 710 (4th Cir. 2002)).

19. Here, Plaintiffs seek a "permanent injunction" that would require Defendants to: "(1) cease the charging of unreasonable rates; and (2) … cease its attempts to collect from the class outstanding medical bills for the amount beyond what are reasonable charges." State Court Action ¶¶ 50–51. The potential cost of having to cease the charging and collection of fees incurred by Defendants for services it has rendered and will render in West Virginia would easily exceed the $5,000,000.00 jurisdictional threshold.

20. Finally, to the extent there is any doubt whether the jurisdictional amount is met, CAFA's legislative history makes clear that such doubts should be resolved in favor of federal jurisdiction. *See, e.g.*, S. Rep. 109-14, at 43 (2005) ("Overall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions. Its provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant."); *id.* at 35 (the intent of CAFA "is to strongly favor the exercise of federal diversity jurisdiction over class actions with interstate ramifications[]"); *id.* at 27 ("The Committee believes that the federal courts are the appropriate forum to decide most interstate class actions because these cases usually involve large amounts of money and many plaintiffs, and have significant implications for interstate commerce and national policy."). As the Supreme Court has repeatedly noted, the primary objective of CAFA is to ensure that class actions of national importance are litigated in federal court. *Dart Cherokee Basin Operating Co., LLC*, 135 S. Ct. at 554; *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595 (2013).

21. Because CAFA provides this Court with original jurisdiction of this matter, the case is properly removed.

## REMOVAL BASED ON TRADITIONAL DIVERSITY JURISDICTION

22. Removal is also appropriate because this Court has traditional diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). Plaintiffs and Defendants are citizens of different states and the amount in controversy exceeds $75,000.00.

23. For purposes of a Section 1332 analysis, Plaintiffs all reside in and are citizens of West Virginia. *See* State Court Action ¶¶ 9–11.

24. Defendants are not citizens of West Virginia.

25.     Air Methods is a Delaware corporation with its principal place of business in Colorado.  State Court Action ¶ 21.  It is therefore a citizen of both Delaware and Colorado.

26.     Rocky Mountain is a Delaware LLC with a principal place of business in Colorado.  Rocky Mountain's sole member is Air Methods.  Rocky Mountain is therefore a citizen of both Delaware and Colorado.

27.     Thus, diversity of citizenship exists between these Delaware and Colorado Defendants and the West Virginia Plaintiffs.

28.     The $75,000 amount-in-controversy requirement of Section 1332(a) is also met.  Each named Plaintiff seeks relief including "damages in the amount of the overcharges levied by Defendant[s]."  State Court Action ¶ 41.   Each named Plaintiff also seeks "disgorgement of Defendants' illicit profits" and "to enjoin Defendants from charging anything above the reasonable rate for services rendered."  *Id.* ¶¶ 3, 48.  As discussed in paragraphs 19–20, *supra*, the potential pecuniary effect of the declaratory and injunctive relief sought by Plaintiffs far surpasses $75,000.00.  The money damages sought by each named Plaintiff only further demonstrate that the amount-in-controversy satisfies the jurisdictional requirement.

29.     Because traditional diversity jurisdiction requirements are met, removal to federal court is proper.

**DATED** this 22nd day of December, 2017

                    Respectfully submitted,

                    **AIR METHODS CORPORATION and**
                    **ROCKY MOUNTAIN HOLDINGS, LLC**

                    **BY SPILMAN THOMAS & BATTLE, PLLC**

                    /s/ *Clifford F. Kinney, Jr.*
                    Clifford F. Kinney, Jr.  (WV State Bar No. 6220)

300 Kanawha Boulevard, East (ZIP 25301)
Charleston, WV 25321-0273
(304) 340-3800 / (304) 340-3801 (fax)
ckinney@spilmanlaw.com
and

Joseph V. Schaeffer (WV State Bar No. 12088)
48 Donley Street, Suite 800
Morgantown, WV  26501
(304) 291-7920/ (304) 291-7979 (fax)
jschaeffer@spilmanlaw.com
*Attorneys for Defendants*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# BLUEFIELD DIVISION

**MICHAEL AND TABITHA COX, individually**
**and on behalf of their minor child, W.C.,**

    **Plaintiffs,**

                                                          No. 1:17-cv-04610 _____

**v.**

**AIR METHODS CORPORATION and ROCKY**
**MOUNTAIN HOLDINGS, LLC,**

    **Defendants.**

## CERTIFICATE OF SERVICE

I, Clifford F. Kinney, Jr., counsel for Air Methods Corporation and Rocky Mountain Holdings, LLC, hereby certify that on this 22nd day of December, 2017, I have served the foregoing "*Notice of Removal*" on the following counsel by U.S.P.S. first class, postage prepaid mail:

    Eric J. Buckner
    KATZ, KANTOR, STONESTREET & BUCKNER, PLLC
    207 South Walker Street
    Princeton, West Virginia 24740
    (304) 431-4050
    ebuckner@kksblaw.com

    Jason E. Causey
    James G. Bordas, Jr.
    BORDAS & BORDAS, PLLC
    1358 National Road
    Wheeling, West Virginia  26003
    (304) 242-8410
    jcausey@bordaslaw.com
    *Attorneys for Plaintiffs*

                                        */s/ Clifford F. Kinney, Jr.*
                                        Clifford F. Kinney, Jr. (WV State Bar No. 6220)