IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD DIVISION

MICHAEL and TABITHA COX, individually
and on behalf of their minor child, W.C.,

       Plaintiffs,                            Case No. 1:17-CV-04610

v.

AIR METHODS CORPORATION and ROCKY
MOUNTAIN HOLDINGS, LLC,

       Defendants.

## PLAINTIFFS' MEMORANDUM IN SUPPPORT
## OF PLAINTIFFS' AMENDED MOTION TO REMAND

       In this implied contract case, the Plaintiffs, Michael and Tabitha Cox, sue on behalf of their minor child, W.C., and a class of similarly situated persons. The Defendants, Air Methods Corporation and Rocky Mountain Holdings, LLC, provide emergency medical transport by helicopter. The Plaintiffs allege that the Defendants do not charge a reasonable, uniform and customary rate for their service but, instead, charge excessive rates that "bear no reasonable relationship to the cost of the service provided." Complaint at ¶¶ 2, 5.

       According to the complaint, in August, 2015, the Defendants transported W.C. from Princeton Community Hospital to Women's & Children's Hospital in Charleston--a distance of less than 100 miles. Complaint, at ¶14. There was no oral or written contract for those services. Id., at ¶15. Thereafter, the Plaintiffs received a bill in the total amount of $52,634.76, representing what the Defendants characterized as a "base" charge together with a charge for "76 rotor miles of transport." Id., at ¶16. The Plaintiffs' insurer, PEIA, paid $6,704.14 as the reasonable value of the transportation services that were provided, and informed the Plaintiffs their portion of the bill

would be $586.79.  Id., at ¶17.  Nevertheless, the Defendants sent a bill to the Plaintiffs for the full remaining balance--nearly $46,000.  Id. at ¶18.

In their complaint, the Plaintiffs have defined the following class:

> All patients who, without entering a written agreement with Defendants for medical transport prior to the transport, received medical transport by Defendants from a location in West Virginia to a healthcare facility during the period of five (5) years prior to the commencement of this action.

Complaint at ¶ 27.

The Plaintiffs allege that the defendants systematically overcharged for their transportation services, breaching their implied contract.  For damages, they seek restitution of any overpayments on behalf of themselves and the class.  Alternatively, they seek an injunction to bar the Defendants from charging and collecting in excess of a reasonable rate.

On December 22, 2017, the Defendants filed a notice of removal.  Citing the removal requirements under CAFA, the Defendants allege that the class has in excess of 100 members, Notice, at ¶ 9, that the requirement of minimal diversity is satisfied, id., at ¶10 *et seq.,* and that the amount in controversy exceeds CAFA's $5,000,000 jurisdictional threshold. Id., at ¶14 *et seq.*  The Defendants, however, have failed to prove two of the elements necessary to support CAFA removal: (1) the numerosity of the class, and (2) the amount in controversy.  For both of these reasons, remand is warranted.

## I.   Defendants have not carried their burden of establishing federal jurisdiction

### A.   *Federal removal law*

Removal jurisdiction exists, in relevant part, "over any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. §1441(a).  Here, Defendants assert that CAFA diversity jurisdiction exists. Federal district courts

2

have "original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs," consisting of at least 100 members, "is a citizen of a State different from any defendant." *Pirillo v. PNC Mortg. Corp.*, No. 1:12CV7, 2012 WL 761607, at *1 (N.D.W. Va. Mar. 7, 2012) (quoting 28 U.S.C. § 1332(d) (omission in original)).

"Removal jurisdiction is strictly construed." *Hochstrasser v. Broadspire Servs., Inc.*, No. 5:13CV53, 2013 WL 5536465, at *5 (N.D.W. Va. Oct. 8, 2013). "The party seeking removal bears the burden of establishing federal jurisdiction and that party must supply evidence to support his claim regarding the amount at issue in case. All doubts about the propriety of removal should be resolved in favor of retaining state jurisdiction." *Pirillo*, 2012 WL 761607, at *1 (citations and internal quotation marks omitted).

These same principles apply to CAFA cases:

> "Defendants seeking removal bear the burden of demonstrating that jurisdiction is proper. *See Strawn v. AT & T Mobility LLC,* 530 F.3d 293, 296-97 (4th Cir. 2008). This is true even in the context of removals pursuant to CAFA. In *Strawn,* this Court found that, while CAFA was intended to open the doors of the federal courts to class action litigants, its statutory language did nothing to reverse the long-settled principle that a defendant seeking to invoke a federal court's removal jurisdiction bears the burden of demonstrating that jurisdiction would be proper. *Id.* at 297." *Bartnikowski v. NVR, Inc.*, 307 Fed.Appx. 730, 734 (4th Cir. 2009).

### B.    Defendants have failed to prove that the class exceeds 100 members

The Defendants make no effort whatsoever to prove the size of the class.  Instead, they rely exclusively on an allegation in the Complaint that the class could potentially "include hundreds, if not thousands of class members."  Notice of Removal, at 9.

But this is no substitute for proof.  It is well settled that a party seeking removal cannot rely on mere allegations in the pleadings but, instead, must offer proof in support of federal jurisdiction.

3

*Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553-54 (2014)(after a defendant's jurisdictional allegations have been challenged, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied").  Importantly, all of the data regarding the Defendants' billing practices lies exclusively within their possession--including, *inter alia*, the number of West Virginians receiving transport services within the five year period specified in the class definition.  The Defendants cannot hide behind an allegation regarding the size of the class, especially when that allegation was made solely "upon information."  The Defendants must come forward with proof, by affidavit or otherwise, demonstrating from their own records a fair and reasonable estimate of the number of individuals who come within the class definition.  See, e.g., *Kemper v. Quicken Loans, Inc.*, 5:13-CV-91, 2013 W.L. 5504152 (N.D. W.Va. 10/2/13)(finding that the defendant satisfied the numerosity requirement by providing an affidavit from its vice resident identifying 900 class members from a records review); *Palkovic v. Countrywide Home Loans, Inc.*, Civil Action No. 5:14-CV-102, 2014 WL 5449687 (N.D. W.Va. 10/24/14)(finding that the defendant failed to satisfy its burden, even with an affidavit, where the affidavit provided overinclusive numbers).

Unless and until the Defendants provide the court with provable data demonstrating that the class size does, in fact, exceed the 100-member minimum, the Plaintiffs are entitled to remand.

### C.    *Defendants fail to establish the requisite amount in controversy under CAFA*

In addition to the size of the class, the Defendants have also failed to prove that the amount in controversy exceeds $5,000,000.

"In this, as in many cases, the proposed class size is inextricably bound up with the amount in controversy," *Caufield v. EMC Mortgage Corp.,* 803 F.Supp.2d 519, 527 (S.D. W.Va. 2011).  Therefore, with Defendants' inadequate proof of class size, a calculation of the amount in

4

controversy is impossible.  In most cases where this issue arises, the removing party has provided **incomplete** or **improper** data regarding the class size, making it impossible to use that data to calculate the amount in controversy.  See, e.g., *Palkovic*, supra.  Here, the Defendants have gone a step further by providing **no data at all**.  Instead, they try to "extrapolate[e]" the amount in controversy by using the allegations found in the complaint: "Extrapolating from the named Plaintiffs' alleged overcharges and multiplying $45,930.62 by only 200 potential class members easily satisfies CAFA's amount in controversy requirement."  Notice of Removal, at ¶19. Again, we see that the Defendants have shirked their evidentiary burden and rested instead on speculation. Because the number of class members has not been proven, it follows that the amount in controversy has not been proven.  This was explained in *Krivonyak v. Fifth Third Bank*, No. 2:09-cv-00549, 2009 WL 2392092, at *5 (S.D.W. Va. Aug. 4, 2009), where the removing party provided overinclusive numbers:

> Taking the plaintiffs' argument to an extreme, it is possible that only the named plaintiffs themselves incurred the alleged injury and the other 2200 borrowers have never made a late payment, were never charged multiple late fees, were properly credited all payments, and never had a partial payment returned. Under that scenario, while the class is defined as still having many more people than 100, the total amount in controversy doesn't even surpass $5000, let alone $5,000,000. On the record before me, it is simply impossible to determine how many people are both within the definition of the class and were damaged in any amount by the alleged unlawful actions of the defendants. ***Without knowing how many people suffered injury, it is impossible to estimate the amount in controversy.***

2009 WL 2392092, at *6.  Because the Defendants have failed to prove numerosity, their attempt to calculate the amount in controversy is also fatal.  Moreover, even if Defendants had provided a reliable number of class members, class member damages are not uniform here.  Thus, Defendants must provide a reasonable estimate of damages that is not over-inclusive and based on a reliable methodology for the class members.

The Defendants also argue that the alternative relief prayed for in the complaint--i.e., an injunction preventing them from collecting excessive fees--would also exceed CAFA's $5,000,000 threshold.  Again, however, the Defendants fail to offer any proof.  First, it should be pointed out that class-wide injunctive relief would only apply in the event that the Court certifies the class.   In this regard, the record is devoid of anything other than a bald, unsupported allegation that the $5,000,000 threshold has been met:  "The potential cost of having to cease the charging and collection of fees incurred by defendants for services it has rendered and will render in West Virginia would easily exceed the $5,000,000 jurisdictional threshold."   Notice of Removal, at ¶19.   Without affidavits or supporting data confirming what the impact of an injunction would actually be, the Defendants cannot meet their federally-imposed burden of proof.

### D.     *The Defendants have failed to prove the amount in controversy using traditional diversity jurisdiction*

Finally, the Defendants say that the case is removable, on an individual basis, under traditional diversity analysis.

The Defendants fail to provide any additional proof to support this branch of their motion. In their removal papers, the Defendants refer to the amount of the overcharge, which in the case of the Plaintiffs comes to approximately $46,000.  Notice of Removal, at ¶28.  The complaint seeks restitution of any overcharge but, importantly, does not seek any damages beyond that. Recognizing this, the Defendants try to assign some pecuniary value to the alternative injunctive relief.   But their attempt to do so is fraught with error.  To begin with, restitution damages and the cost of any injunction while mutually exclusive, are merely each a subset of the overcharge.  If for example, the plaintiffs had paid $20,000 of the $46,000 overcharge, they would be entitle to restitution of that payment for $20,000 and an injunction prohibiting the collection of the remaining

$26,000 balance.  Thus, the complaint seeks injunctive relief as an ***alternative*** form of relief.  In other words, if the Plaintiffs prevails any relief must be apportioned between restitution and injunctive relief consistent with the account history.

Furthermore, as before, the Defendants make no effort to quantify the injunctive relief or provide any supporting proof.  It should also be emphasized that, in determining the value of the Plaintiffs' individual claim, it is only proper to consider the costs and/or effects of the injunction ***insofar as they relate to the Plaintiffs themselves***.  Accordingly, under tradition diversity, Defendants must demonstrate that the amount of the overcharge (whether it be returned to the named plaintiffs as damages, canceled by way of injunction or a combination of the two), must exceed $75,000.  Here, Defendants are more than $29,000 short of that threshold.  Likewise, under CAFA, Defendants mush show that the overcharge for class members as a whole exceeds $5,000,000.  They have, thus far, failed to do so.

In sum, the Defendants provide no values, estimates, or anything else to assist the court in calculating the value.  Instead, they quantum leap to the conclusion that "the potential pecuniary effect of the declaratory and injunctive relief sought by plaintiffs far surpasses $75,000."  *Id*.  But this bare, speculative assertion by the Defendants cannot carry the day.  Plaintiffs' damages, inclusive of injunctive relief, do not appear on their face to exceed the overcharge.  Having failed to satisfy their burden of proof on this element, removal is improper.  Accordingly, the motion to remand should be granted.

## II.    Conclusion

For all of the reasons herein, the Defendants have failed to satisfy their federally-mandated burden of proving all elements necessary for removal.  Therefore, the Court should grant the motion to remand.

7

MICHAEL and TABITHA COX,
individually and on behalf of their minor
child, W.C., Plaintiffs

By:    /s/ Jason E. Causey
Jason E. Causey #9482
Bordas & Bordas PLLC
1358 National Road
Wheeling, WV  26003
(304) 242-8401
jcausey@bordaslaw.com

and

/s/ Eric J. Buckner
Eric J. Buckner #9578
Katz Kantor Stonestreet & Buckner, PLLC
207 South Walker Street
Princeton, WV  24740
(304) 431-4050
ebuckner@kksblaw.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

Service of the foregoing **PLAINTIFFS' MEMORANDUM IN SUPPORT OF AMENDED MOTION TO REMAND** was had upon the Defendants herein on the 22nd day of January, 2018 by filing electronically with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Clifford F. Kinney, Jr., Esq.           Joseph V. Schaeffer, Esq.
Spilman Thomas & Battle, PLLC           Spilman Thomas & Battle, PLLC
300 Kanawha Boulevard, East             48 Donley Street, Suite 800
Charleston, WV  25321-0273              Morgantown, WV  26501
*Counsel for Defendants*

By:    /s/ Jason E. Causey
       Jason E. Causey #9482
       Bordas & Bordas PLLC
       1358 National Road
       Wheeling, WV  26003
       (304) 242-8401
       jcausey@bordaslaw.com

9